UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTIAN TROUPE,

    Plaintiff,

    v.                                         CAUSE NO. 3:23-CV-175-JD-MGG

WESTVILLE CORRECTIONAL
FACILITY and JOHN GALIPEAU,

    Defendants.

OPINION AND ORDER

Christian Troupe, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Troupe sues the Westville Correctional Facility and its warden, John Galipeau, alleging that the conditions he has been held in for the past year violate the Eighth Amendment. Specifically, he alleges that in 4 Dorm, where he is housed, as well as in all the other housing units at Westville, the bathrooms and shower areas have massive growths of black mold. Troupe alleges the drinking water from the faucets is brown or

rust-colored, and this same water is also used when preparing their food. The only alternative to drinking this water is to purchase bottled water from commissary. Finally, Troupe alleges that over the past year at Westville, his breathing has been affected; it has become hard to breathe, and his airways have begun to feel clogged. He says that "[d]ue to the lack of ventilation, [he has] been prescribed an inhaler," and the facility doctor has told him that he has "clogging in the lower abdomen." ECF 1 at 2. Troupe alleges that he has constant coughing fits that at times have resulting in coughing up blood.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). The Constitution does not mandate comfortable prisons, but inmates are entitled to adequate ventilation, clothing, and sanitation. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). On the subjective prong, the prisoner must allege deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

2

Troupe does not state a claim against either defendant. Westville Correctional Facility is a physical structure, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As to Warden Galipeau, even assuming the allegations here rise to the level of a sufficiently serious deprivation, the complaint does not plausibly allege the warden had the subjective awareness necessary to be held liable. Warden Galipeau cannot be held liable simply because he is in charge of overseeing the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Nor does Troupe allege what steps he took to make any prison officials aware of the problem and what steps, if any, officials took to remedy the problem.

Furthermore, some of these complaints do not have enough detail to rise to the level of an objectively serious deprivation. Brown or rusty water does not, on its own, mean water is unsafe to drink. *See* Ultimate Guide: Discolored Tap Water, https://mytapscore.com/blogs/tips-for-taps/the-complete-guide-to-discolored-tap-water#section2 (last visited Oct. 19, 2023) (noting that brown water is usually caused by sediment or iron/rust, which may be unappealing but does not make the water unsafe to drink). Troupe does not allege any harmful effects to him that could have been caused by drinking this water. Troupe also does not provide details about the state of the ventilation system. *See, e.g., Board v. Farnham*, 394 F.3d 469, 486 (7th Cir. 2005) (describing alleged inadequate ventilation system as allowing a "flow of black fiberglass dust into cells" that caused nosebleeds and respiratory problems); *Myrick v. Anglin*, 496 F. App'x 670, 675 (7th Cir. 2012) (allegations that "the dust from his cell's

3

vent caused him pain and difficulty breathing" stated a claim). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Here, Troupe provides no facts about how the ventilation system was inadequate or how he was harmed by the water. The Court acknowledges the potential harm of prolonged exposure to mold in the bathroom and shower areas, but Troupe does not allege how long he is typically exposed to these areas.

This complaint does not state a claim for which relief can be granted. If Troupe believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Christian Troupe until **January 3, 2024**, to file an amended complaint; and

4

(2) CAUTIONS Christian Troupe if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 29, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT